HANCOCK (FOOTE v.). See Case No. 4,911.

---

## Case No. 6,010.

### HANCOCK v. HILLEGAS.

[2 Dall. 380.] [2]

Circuit Court, D. Pennsylvania. 1797.

AGREEMENT TO ENTER JUDGMENT—AMOUNT DUE.

Agreement to enter judgment for amount due on promissory note. Held, plaintiff should have settled the amount due on notice to defendant, before he issued execution.

The defendant [Hillegas] had given a promissory note to the plaintiff [Hancock, administrator] for a specific sum. on which, in different modes, there had been several partial payments. Before any settlement of accounts, however, the defendant entered into an agreement, that judgment should be entered against him by an attorney, "for the amount that may be due." In pursuance of this agreement judgment was confessed, generally, on the 12th of March, 1796; and on the 14th of May following, without any previous trial, writ of enquiry, or notice to the defendant, a fi. fa. was issued and levied, for the full amount of the promissory note.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by A. J. Dallas, Esq.]

Mr. Thomas, thereupon, obtained a rule to shew cause why the defendant should not be allowed a set-off for the amount of his payments, and that, in the meantime, proceedings on the execution be stayed.

The rule was afterwards opposed by Mr. Lee, the attorney-general, who contended, that the regular relief was by application to the equity side of the court, for an injunction; which would only be granted, upon the defendant's bringing the money into court, or giving security to pay the balance.

But it was answered by Rawle and Thomas, that the amount due must be ascertained, before any use could be made of the agreement to enter judgment. It was the express stipulation of the parties; and as the judgment has been improperly entered at common law, it is on the same side of the court that relief should be sought. The courts in England and in Pennsylvania are in the constant practice of staying the proceedings on executions, which are issued either for more than is due, or before the day of payment. See 1 Bac. Abr. 195.

BY THE COURT. The agreement is to enter judgment for what may be due. The plaintiff has no right to decide the question. It is evident, from the terms of the agreement, that there was something to settle; and the plaintiff, either by arbitration, or by a jury, should have proceeded to make the settlement, with notice to the defendant, before he entered the judgment; or, at least before he issued the execution. The rule made absolute.